UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christian Crowe,<br><br>  Plaintiff,<br><br>-v-<br><br>Plymouth Rock Management and Geico Insurance Company,<br><br>  Defendants. | 2:24-cv-5951<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Christian Crowe ("Crowe"), proceeding pro se, brings this action against Plymouth Rock Management ("Plymouth") and Geico Indemnity Company ("Geico"), incorrectly named as Geico Insurance Company in the Complaint,[1] (collectively, "Defendants") seeking damages for injuries allegedly sustained in a motor vehicle accident. (Compl., ECF No. 1.) Before the Court are two motions: (1) Geico's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") (Geico Mot., ECF No. 18; Geico Mem., ECF No. 18-1); and (2) Plymouth's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim under Rule 12(b)(1) and (b)(6) (Plymouth Mot., ECF No. 13; Plymouth Mem., ECF No. 14) (individually, the "Motion" and collectively, the "Motions"). The Motions are unopposed.

---

[1] Geico Disclosure Stmt., ECF No. 26.

1

For the following reasons, the Court grants Geico's Motion but denies Plymouth's Motion. As a threshold matter, the Complaint does not raise any federal question that would support jurisdiction under 28 U.S.C. § 1331, but this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a). The Complaint does not bring any claims against Geico and therefore, any such claims are dismissed under Rule 12(b)(6) without leave to amend. Moreover, Plymouth's Motion under Rule 12(b)(6) is denied because the Complaint alleges injuries that plausibly state a claim under New York Insurance Law Section 5102(d). Moreover, although there is no private right of action under New York Insurance Law Section 2601, Plymouth fails to address this issue in its Rule 12(b)(6) motion, and this Court does not reach this issue sua sponte. Accordingly, this action will proceed against Plymouth.

## BACKGROUND

The following facts are taken from the Complaint (Compl.)[2]

On June 13, 2023, Crowe was involved in a motor vehicle accident with a New Jersey driver. (Compl. at 5.) The Complaint's Statement of Claim provides the following:

> Car accident insurance company out of state failure on notice of claim. Plaintiff insurance [number redacted] Geico. Defendant insurance Plymouth USE Been [number redacted]. Date of Accident 6/13/2023 Plaintiff is innocent party with Full fault on NJ driver whereas Plymouth NJ Insurance Company offer of notice of claim is unjustifiable. Defendants insurance failure to abide by Plaintiff's rights to "disclosure" of insurance policy limits.

---

[2] At the motion to dismiss stage, a court may consider documents that are attached to the complaint, incorporated by reference in the complaint, integral to the complaint, or otherwise the subject of judicial notice. *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023).

2

(*Id.*)[3] Accordingly, the Complaint alleges that the vehicle Crowe was driving was insured by Geico at the time of the accident and that the New Jersey driver was insured by Plymouth. (*Id.*) It also alleges that the other driver was at "full fault" and that Crowe "is [an] innocent party." (*Id.*) According to the Complaint, "Plymouth[']s . . . offer of notice of claim is unjustifiable," and Plymouth "fail[ed] to abide by Plaintiff's rights to 'disclosure' of [its insured's] insurance policy limits." (*Id.*)

> The Complaint identifies the relief sought as follows:
>
> Medical & Mental injuries sustained. Plaintiff seeks Full Policy limits of insurance policy. Diagnostics medical procedures, emergency room, pt was sought by Plaintiff and punitive money damages for personal injury has not been offered.

(*Id.* at 6.) Thus, the Complaint seeks disclosure of the full limits of Plymouth's insurance policy for the New Jersey driver, and financial compensation for Crowe's loss of car, personal injury, and lost earnings. (*Id.* at 5–6 ("loss of Car $10,000 plus personal injury, over $75,000 + plus loss of earnings").)

The Complaint invokes the following statutes as a basis for this Court's federal jurisdiction: 15 U.S.C. ch. 93; 15 U.S.C. § 6701; and the McCarran-Ferguson Act of 1945, 15 U.S.C. §§ 1011–1015. (Compl. at 4.) Without explicitly invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), it alleges that Crowe is a citizen of New York, that "plaintiffs" have a "domicile state NY," and that Plymouth is incorporated and has its principal place of business in New Jersey. (*Id.* at 4–5.) The Complaint seeks relief for medical and "mental" injuries sustained by Crowe, including "diagnostics, medical procedures, emergency

---

[3] Excerpts from the complaint have been reproduced here exactly as they appear in the original with only insurance policy numbers redacted. Errors in spelling, punctuation, and grammar have not been corrected or noted.

3

room," and physical therapy. (*Id.* at 6.) It does not allege the citizenship of Geico or any facts that would support a determination of Geico's citizenship. (*See generally id.*)

## PROCEDURAL HISTORY

Crowe commenced this action on August 26, 2024 by filing the Complaint. (Compl.) On October 16, 2024, Geico requested a pre-motion conference in anticipation of filing a motion to dismiss. (ECF No. 11.) On October 17, 2024, Plymouth filed its Motion pursuant to Rule 12(b)(1) and (b)(6). (Plymouth Mot.; Plymouth Mem.) On October 18, 2024, this Court waived its pre-motion conference requirement and set a briefing schedule for Defendants' anticipated motions to dismiss. (ECF No. 16.) On December 6, 2024, Geico filed its Motion pursuant to Rule 12(b)(1) and (b)(6). (Geico Mot.; Geico Mem.)

Crowe did not oppose Defendants' Motions. However, on December 6, 2024, Geico filed a November 8, 2024 email it received from non-party, Maryann Maltese, Crowe's mother (Non-Party Email, ECF No. 18-2), along with Geico's reply in further support of its Motion. (ECF No. 18-3.) On December 16, 2024, the Clerk of this Court mailed Crowe a letter informing him that, "[a]s a non-lawyer and non-party, Maltese is unauthorized to communicate with the Court on [Crowe's] behalf," and that "her email messages are improper, [and] will not be considered by the Court . . . ." (ECF No. 19.)

On January 22, 2025, this Court issued an Order to Show Cause, finding that it lacked subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Order Show Cause, ECF No. 21.) The Court found that none of the federal statutes referenced in the Complaint as a basis for federal question jurisdiction afford a private right of action in federal court. (*Id.* at 3–4 (addressing the Complaint's invocation of 15 U.S.C. ch. 93, 15 U.S.C. § 6701, and the McCarran-Ferguson Act of 1945, 15 U.S.C. §§ 1011–1015).) Accordingly, the Court concluded

4

that the Complaint fails to establish that this action arises under the Constitution, laws, or treaties of the United States, as required for federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* at 4.)

Additionally, although the Complaint does not explicitly invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, in light of Crowe's pro se status, the Court evaluated in the Order to Show Cause whether the Complaint meets the requirements for diversity jurisdiction. (*Id.* at 4–5.) The Court found that the Complaint sufficiently alleges that the amount in controversy exceeds the requisite $75,000 and the citizenship of Crowe and Plymouth. (*Id.* at 4–5.) It noted that the Complaint alleges that Crowe is a New York citizen because he resides and is "domicile[d]" in that state, and that Plymouth is a New Jersey citizen because it is incorporated and has its principal place of business in that state. (*Id*. at 4.) However, the Court concluded that it was unable to determine whether subject matter jurisdiction exists under 28 U.S.C. § 1332(a) because the Complaint fails to allege Geico's state of incorporation and principal place of business as required to determine its citizenship. (*Id.*)

Accordingly, in the Order to Show Cause, the Court directed Crowe to show cause by February 15, 2025 that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 by establishing the citizenship of Geico through identification of its state of incorporation and principal place of business. (*Id.* at 5.) The Court warned Crowe that his failure to timely respond to its Order to Show Cause would result in the dismissal of the Complaint for lack of subject matter jurisdiction and the case would be closed. (*Id.*)

Crowe did not file a response to the Order to Show Cause on the docket, but emailed the Court a response on January 23, 2025 stating that "Geico has Offices in NYS, Regional Offices located in Woodbury and in Melville, NYS" and that the Complaint provides subject matter and

5

personal jurisdiction. Nevertheless, by letter dated February 4, 2025, Geico informed the Court that Crowe incorrectly named "Geico Insurance Company" as the Defendant in this action, but that "Geico Indemnity Company" issued the insurance policy governing Crowe's claim, and that Geico Indemnity Company is a Nebraska corporation with a principal place of business in Maryland.[4] (ECF No. 25 at 1.) Accordingly, there is complete diversity of the parties as required for jurisdiction under 28 U.S.C. § 1332. (*Id.*)

## LEGAL STANDARDS

This Court is required to construe pleadings "filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). "However, the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Sandoval v. Abbott House*, 782 F. Supp. 3d 203, 206 (S.D.N.Y. 2025); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *Bartolini v. Cassels*, 801 F. App'x 10, 12 (2d Cir. 2020).

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Green v. Dep't of Educ. of the City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021) (quotation marks omitted); *Russo v. United States*, No. 22-1869-cv, 2024 WL 726884, at *1 (2d Cir. Feb. 22, 2024). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a

---

[4] Geico filed its Fed. R. Civ. P. 7.1 disclosure statement simultaneously with the letter. (Geico Disclosure Stmt.)

6

preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024).

A court considers a Rule 12(b)(1) challenge before other arguments for dismissal because dismissal for lack of subject matter jurisdiction renders a defendant's defenses and objections moot. *See Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019); *see also Pressley v. City of New York*, No. 11-cv-3234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013) ("A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction.").When a party raises a facial challenge to the court's subject matter jurisdiction, "the plaintiff has no evidentiary burden"; the district court need only "determine whether the [p]leading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016); *see also Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024). In assessing a facial challenge to standing, a court "must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

To avoid dismissal under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Cardinal Motors, Inc. v. H&H Sports Protection USA Inc.*, 128 F.4th 112, 120 (2d Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether a claim is sufficiently plausible to withstand dismissal under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true" and "draw[s] all

7

reasonable inferences in favor of the plaintiffs." *Herrera v. Comme des Garcons*, Ltd., 84 F.4th 110, 113 (2d Cir. 2023). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 307 (2d Cir. 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; accord *Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1106 (2d Cir. 2024). While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Id.*

A "plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *see also Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 434 (S.D.N.Y. 2023). In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall*, 232 F.3d at 322–33; *Cagle*, 680 F. Supp. 3d at 434. Thus, "[i]n deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Cagle*, 680 F. Supp. 3d at 434.

If a liberal reading of a pro se litigant's complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint at least once. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, further amendment would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

8

## JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

As addressed above and in the Court's January 22, 2025 Order, Crowe is a citizen of New York because he resides in East Northport, New York and is domiciled in New York. (*See* Compl. at 2; Order Show Cause at 4 (citing *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).) The Complaint has also sufficiently alleged Plymouth's New Jersey citizenship by alleging that it is incorporated and has its principal place of business in New Jersey. (*See* Compl. at 2; Order Show Cause at 4 (citing *Bayerische Landesbank v. Alladin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).) Defendant Geico is a citizen of Nebraska and Maryland because it is incorporated in Nebraska and has its principal place of business in Maryland. (*See* Geico Disclosure Stmt.) Because Plaintiff is not a citizen of the same state as any of the Defendants, there is complete diversity between the parties. *See Tagger v. Strauss Grp. Ltd.,* 951 F.3d 124, 126 (2d Cir. 2020) (noting that diversity jurisdiction requires "complete diversity, meaning that all plaintiffs must be citizens of states diverse from those of all defendants" (quotation marks omitted)).

Furthermore, as addressed in the Order to Show Cause, Crowe "has sufficiently demonstrated 'a reasonable possibility' that the amount in controversy exceeds $75,000." (*See* Order at 5 (citing *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) and *Hunter*, 75 F.4th at 67); *see also* Compl. at 5 ("loss of Car $10,000 plus personal injury, over $75,000 + plus loss of earnings").)

Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Because this Court has diversity jurisdiction, Defendants' Motions under Rule 12(b)(1) are denied.[5]

## DISCUSSION

The Complaint's allegations, though scarce, appear to allege state law claims pursuant to New York Insurance Law § 5104 and § 2601 ("Section 5104" and "Section 2601"). Defendants each move to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim. Specifically, Plymouth contends that Crowe was not subject to a "serious injury" as defined by New York Insurance Law § 5102(d) ("Section 5102(d)") and therefore has no right to recover non-economic loss under Section 5104(a). (Plymouth Mem. at 5–7.) Geico argues that the Complaint fails to allege any cause of action against it. (Geico Mem. at 5.) As previously noted, Crowe failed to file a brief in opposition to Defendants' Motions.

Assuming the truth of the Complaint's factual allegations and testing only their legal sufficiency, for the reasons discussed below, the Court denies Plymouth's Motion and grants Geico's Motion.

### I.  Claims Against Plymouth

Plymouth reads the Complaint as solely asserting a claim pursuant to Section 5104. (*See* Plymouth Mem. at 5–7.) In this regard, Plymouth contends that the Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to allege a "serious injury" as required under Section 5102(d). (*Id.*) In support of its Motion, Plymouth attaches more than 300-pages of

---

[5] The Court need not address Defendants' arguments in the Motions to Dismiss that there is no federal question jurisdiction under 28 U.S.C. § 1331 because diversity jurisdiction exists.

exhibits and a statement of material facts. (*See* Plymouth Exs. A–F, ECF No. 14-1; Plymouth Stmt. Material Facts, ECF No. 14-2.)

The Court disagrees. When construed liberally, as is required due to Crowe's pro se status, the Complaint sufficiently alleges that Crowe sustained a "serious injury" in the car accident at issue as required by Section 5102(d) by alleging that Crowe experienced "Medical & Mental injuries" and required "Diagnostics medical procedures, emergency room." (Compl. at 6.) The Court also finds that the Complaint asserts a claim under Section 2601. (*See* Compl. at 4.)

In the first instance, the Court must address the 300-pages of exhibits attached to Plymouth's Motion. Notably, these documents are not attached to the Complaint and Plymouth has failed to show that any of these documents are incorporated by reference in, or are integral to, the Complaint as required for the Court to consider them in resolving Plymouth's Rule 12(b)(6) motion. *See Clark*, 89 F.4th at 93. If the Court considers "matters outside the pleadings," then "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).

The 300-pages of documents Plymouth attaches as exhibits include voluminous medical records, the police report from the automobile accident, as well as prior insurance claims made by Plaintiff. (*See* Plymouth Exs. A–F.) "[A] ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Further, given the stage of the litigation and the lack of discovery, converting Plymouth's Motion to a motion for summary judgment under Fed. R. Civ. P. 56,

would be premature.[6] Therefore, the Court does not consider these extrinsic documents at this stage, as such evidence is inappropriate for consideration on a Rule 12(b)(6) motion to dismiss. *See Clark*, 89 F.4th at 93; *see also DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) ("In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." (citation and internal question marks omitted)).

Next, the Court considers whether based on the allegations in the Complaint, Crowe has sufficiently alleged claims under Section 5104 and Section 2601.

Crowe's claims are governed by New York's "No-Fault" automobile insurance law, "which precludes recovery for non-economic loss arising out of negligence in the use or operation of an automobile except where the claimant has a serious injury." *Jones v. United States*, 408 F. Supp. 2d 107, 115 (E.D.N.Y. 2006) (citing N.Y. Ins. Law § 5102(a)). Thus, under Section 5104(a), recovery for non-economic loss is permissible only where there is serious injury, as defined in Section 5102(d):

> "Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities

---

[6] When a district court decides to convert a Rule 12(b)(6) motion to a motion for summary judgment, the court must "give sufficient notice to an opposing party and an opportunity for that party to respond." *Hernandez v. Coffey*, 582 F.3d 303 (2d Cir. 2009) (citation and internal quotation marks omitted). Notably, Plymouth has not requested that the Court convert its Motion to a motion for summary judgment and Crowe has not been put on notice. Thus, conversion would be improper for this additional reason.

for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). "Any injury not falling into one of these categories is considered to be 'minor' and the New York Legislature intended that matters involving these minor injuries be kept out of court." *Yanez v. City of New York*, 29 F. Supp. 2d 100, 113 (E.D.N.Y. 1998) (citing *Licari v. Elliott*, 57 N.Y.2d 230, 236 (1982)). At the motion to dismiss stage, the Complaint need only allege "that the plaintiff has sustained a serious injury, as defined in [Section 5102(d)]." N.Y. C.P.L.R. § 3016(g). Additionally, under New York's No-Fault law, a plaintiff may not recover for "basic economic loss," such as medical expenses or lost wages, unless such losses exceed $50,000. *See* N.Y. Ins. Law § 5102(a).

Here, the Complaint alleges that, as a result of the motor vehicle accident, Crowe suffered more than $75,000 in expenses related to medical and mental injuries, visited the emergency room, and went through diagnostic and medical procedures and physical therapy. (Compl at 5–6.) Upon a liberal reading of the Complaint, the Court finds these allegations sufficiently allege that he sustained a "serious injury" under Section 5102(d). Therefore, the Court denies Plymouth's Motion as to Crowe's Section 5104 claim.

Finally, Plymouth has not moved to dismiss Crowe's claim for unfair claim settlement practices under Section 2601 of New York Insurance Law. (*See generally* Plymouth Mem.) Section 2601 prohibits unfair claim settlement practices. N.Y. Ins. Law § 2601. The New York Court of Appeals has held that Section 2601 does *not* give rise to a private right of action. *See Garnes v. Hartford Ins. Co.*, 22-cv-3406, 2022 WL 3576739, at *3 (E.D.N.Y. Aug. 19, 2022) (citing *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 614 (1994)); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 126 (2d Cir. 2017) ("Although

13

Section 2601 makes the covered acts illegal, it does not allow for a private cause of action based on those acts."). Nonetheless, because Plymouth has entirely failed to address whether the Complaint states a claim under Section 2601 and has not alerted the Court of any reason to dismiss the claim in its briefing, the Court will not sua sponte dismiss it.

Accordingly, for the reasons stated above, the Court denies Plymouth's Motion as to the Section 5104 and the Section 2601 claims asserted against it in the Complaint.

## II. Claims Against Geico

Geico contends that "Plaintiff's claims and the associated allegations . . . relate solely to the co-defendant, and not to GEICO" and that "Plaintiff has not articulated any obligation that GEICO is alleged to have undertaken, breached nor any damages alleged to have been sustained." (Geico Mem. at 5.)

The Court agrees. Even affording Crowe's Complaint the liberal construction that is required in light of his pro se status, *see Hunter*, 75 F.4th at 67, the Court finds that the Complaint does not assert a single factual allegation against Geico.

As discussed above, the scarce allegations in the Complaint appear to allege a violation of New York Insurance Law Sections 5104 and 2601 against Plymouth. (*See* Compl. at 4 (citing N.Y. Ins. Law § 2601); *id*. at 5 ("car accident insurance company out of state failure on notice of claim . . . . whereas Plymouth . . . offer of notice of claim is unjustifiable.").) Aside from being named as a Defendant, the only reference to Geico in the Complaint is that the company insured the vehicle Crowe was driving at the time of the accident. (*Id.*) Thus, any claims asserted in the Complaint are against Plymouth, not Geico. In fact, in her November 2024 non-party email, Crowe's mother acknowledges, "I have filed against Geico as Precautionary as Plymouth has not adhered to Notice of Claim damages I submitted." (*See* Non-Party Email.)

Accordingly, the Complaint does not assert any claims against Geico, and the Court grants Geico's Motion under Rule 12(b)(6). Leave to amend the Complaint to assert a claim against Geico is denied because the Complaint does not "give[] *any* indication that a valid claim might be stated" against Geico. *Cuoco*, 222 F.3d at 112 (emphasis added). Further amendment of the Complaint would not cure the substantive defect of naming Geico as a defendant when Crowe's allegations all concern Plymouth's alleged conduct as insurer of the New Jersey driver involved in the accident at issue. *See id* (recognizing that leave to amend is denied even in a pro se matter when further amendment of the pleading will not cure the "substantive" defects identified).

## CONCLUSION

For the reasons set forth above, Plymouth's Motion (ECF No. 13) is denied, and Geico's Motion (ECF No. 18) is granted.

The Clerk of Court is respectfully directed to mail a copy of this Order to Crowe at his address of record and to note such mailing on the docket.

Dated: Central Islip, New York
September 10, 2025

       */s/ Nusrat J. Choudhury*
       NUSRAT J. CHOUDHURY
       United States District Judge